UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED
DISTRICT COURT OF GUAM
AUG - 8 2005
MARY L.M. MORAN
CLERK OF COURT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff - Appellee,<br><br>v.<br><br>JOHN B. NINETE,<br><br>Defendant - Appellant. | No. 04-10309<br>D.C. No. CR-03-00050-DDP<br><br>**JUDGMENT** |

Appeal from the United States District Court for the District Of Guam (Hagatna).

This cause came on to be heard on the Transcript of the Record from the United States District Court for the District Of Guam (Hagatna) and was duly submitted.

On consideration whereof, it is now here ordered and adjudged by this Court, that the judgment of the said District Court in this cause be, and hereby is **AFFIRMED IN PART; REMANDED IN PART.**

Filed and entered 07/12/05

A TRUE COPY
CATHY A. CATTERSON
Clerk of Court
ATTEST

AUG 03 2005

by: _____
Deputy Clerk

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 12 2005

CATHY A. CATTERSON, CLERK
U.S. COURT OF APPEALS

| UNITED STATES OF AMERICA, | No. 04-10309 |
|---|---|
| Plaintiff - Appellee, | D.C. No. CR-03-00050-DDP |
| v. | |
| JOHN B. NINETE, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Guam
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted May 12, 2005
Honolulu, Hawaii

Before:   **D.W. NELSON, KOZINSKI** and **CALLAHAN**, Circuit Judges.

1. The district court did not err in denying Ninete's motion for a judgment of acquittal. A reasonable juror could have concluded that there was an overall conspiracy lasting from 1997 to 2002, see United States v. Umagat, 998 F.2d 770, 773 n.3 (9th Cir. 1993), and that the conspiracy was not reduced to a single

---

   * This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

member when Park became a government informant because at least two members, Yutig and an officer at the cargo terminal, remained. The jury could have considered several additional factors: "the nature of the scheme; the identity of the participants; the quality, frequency, and duration of each conspirator's transactions; and the commonality of time and goals," to conclude that a single conspiracy existed. United States v. Bibbero, 749 F.2d 581, 587 (9th Cir. 1984). All transactions involved the same scheme to smuggle goods, the participants were similar and the parties involved played similar roles in all the transactions. A reasonable juror could also have concluded that Ninete joined the overall conspiracy in progress. See Umagat, 998 F.2d at 772–73, 774–75.

**2.** The district court did not abuse its discretion in responding to the jury note as it did. Any effort to respond more specifically to the jury's compound question would have risked confusing the jury or biasing its deliberations as to one of the question's two parts. See Arizona v. Johnson, 351 F.3d 988, 994–96 (9th Cir. 2003).

**3.** Nor did the district court err in declining to group the bribery counts with the trafficking in counterfeit goods counts. Ninete argues that grouping was required under either U.S.S.G. §§ 3D1.2(c) or 3D1.2(d). Grouping is plainly

inappropriate under section 3D1.2(c), as neither of the counts "embodies conduct that is treated as a specific offense characteristic in . . . the guideline applicable to another of the counts." As to section 3D1.2(d), grouping is appropriate under that section "when the measurement of harm [for] one offense is essentially equivalent to the measurement of harm for other related offenses." United States v. Taylor, 984 F.2d 298, 303 (9th Cir. 1993) (quoting United States v. Johnson, 971 F.2d 562, 576 (10th Cir. 1992)) (internal quotation marks omitted). Under U.S.S.G. § 2C1.1, the bribery guideline, the offense level is determined based on the "value of . . . the benefit . . . to be received in return for the payment." By contrast, U.S.S.G. § 2B5.3, the guideline applicable to criminal infringement of copyright, specifies the offense level in light of the "infringement amount." Because these guidelines measure harm differently, grouping is not appropriate under section 3D1.2(d). See Taylor, 984 F.3d at 303.

**4.** Ninete argues that his sentence, which was enhanced based on various determinations made by the judge, is invalid under the Sixth Amendment. See United States v. Booker, 125 S. Ct. 738 (2005). However, Ninete did not object to his sentence on Sixth Amendment grounds below. Consistent with our recent opinion in United States v. Ameline, 2005 WL 1291977, at *11 (9th Cir. 2005) (en

banc), we "remand to the district court . . . for the [limited] purpose of ascertaining whether the sentence imposed would have been materially different had the district court known that the sentencing guidelines were advisory." Id. at *1.

**AFFIRMED IN PART; REMANDED IN PART.**

INTERNAL USE ONLY: Proceedings include all events.
04-10309 USA v. Ninete

| | |
|---|---|
| UNITED STATES OF AMERICA<br>    Plaintiff - Appellee | Karon V. Johnson, AUSA<br>FAX 671/472-7334<br>671/472-7332 ext.148<br>Suite 500<br>[COR LD NTC aus]<br>Sirena Plaza<br>108 Hernan Cortez Avenue<br>Hagatna, GU 96910 |
| v. | |
| JOHN B. NINETE<br>    Defendant - Appellant | Howard Trapp, Esq.<br>FAX 671/477-2040<br>671/477-7000<br>Suite 200<br>[COR LD NTC ret]<br>139 Chalan Santo Papa<br>200 Saylor Building<br>Hagatna, GU 96910 |